```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:21-00176

**SAMUEL MANRIQUEZ**

### MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), filed on January 4, 2024.  In the motion, the defendant requests a reduction of his sentence based on a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points (other than status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no

criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. By previous Order entered on February 2, 2024, this case was designated for standard consideration pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office. The court has also considered the Memorandum filed by John J. Frail, Assistant United States Attorney, which does not oppose a sentence reduction but recommends one falling at the middle to near the top of the amended guideline range of 44 months, and the Memorandum of Defendant, filed by his counsel, Jonathan D. Byrne, Appellate Counsel, Office of the Federal Public Defender, requesting a sentence reduction to the minimum of 37 months. Further, the court also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Manriquez pled guilty to Count One of the two-count Indictment charging him with a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute fentanyl. At the time of his original sentencing, he had ten criminal history points, eight for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence. These two additional points are known as status points. Ten criminal history points creates a Criminal History Category of V. Manriquez had, at the time of his judgment, a Total Offense Level of 17, with a Criminal History Category of V, for a Guideline range of 46 to 57 months with no statutory mandatory minimum. On January 12, 2023, the court imposed a sentence of 54 months imprisonment to be followed by 3 years of supervised release.

Following implementation of Amendment 821, Manriquez would receive one status point as his criminal history score was seven or more (See U.S.S.G. §4A1.1(e)), and his criminal history score with only one status point is now a nine, which yields a lower Criminal History Category of IV, resulting in an amended Guideline range of 37 to 46 months.

The court has carefully considered the basis for the original sentence set forth in the Statement of Reasons, the defendant's criminal history, and the defendant's custodial history, including the completion of courses while in custody, and the factors set forth in 18 U.S.C. § 3553(a), and it is ORDERED that the Motion be, and it hereby is, GRANTED, to the extent that the Defendant's previous sentence be reduced to a period of forty-four (44) months on the offense of conviction, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided herein, all provisions of the judgment entered March 27, 2023, shall remain in effect.

The court DIRECTS the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 3, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

4